**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William Zane Gray, | CIV 08-1516-PHX-JAT (MHB) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| vs. | |
| E.W. Morris, et al., | |
| Respondents. | |

TO THE HONORABLE JAMES A. TEILBORG, UNITED STATES DISTRICT JUDGE:

Petitioner William Zane Gray, who is confined under Arizona Department of Corrections authority in the Great Plains Correctional Facility in Hinton, Oklahoma, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. #1.) Respondents filed an Answer on November 5, 2008. (Doc. #11.) Despite having been given the opportunity to file a reply, Petitioner failed to do so.

## BACKGROUND

On August 19, 2004, Phoenix police officers conducted a "knock and talk" at a Phoenix motel as part of a community-based crime prevention program. (Doc. #11, Exh. M, ¶2.) When the officers knocked on one door, a white male subject – later identified as Petitioner – looked through the window and quickly shut it. (Doc. #11, Exh. M, ¶2.) A short time later, a Hispanic male opened the door and let the officers in. (Doc. #11, Exh. M, ¶2.) Petitioner was no longer in the room. (Doc. #11, Exh. M, ¶2.) The management at the motel informed police that the room was rented in Petitioner's name. (Doc. #11, Exh. M, ¶2.) Petitioner had an outstanding warrant for his arrest. (Doc. #11, Exh. M, ¶2.) When

1  Petitioner returned to the motel, an employee alerted the police and Petitioner was arrested
2  on the warrant. (Doc. #11, Exh. M, ¶2.) In a search incident to the arrest, the officers found
3  heroin, crack cocaine, and methamphetamine. (Doc. #11, Exh. M, ¶3.)

4  The State charged Petitioner with two counts of possession of narcotic drugs (heroin
5  and crack cocaine), and one count of possession of a dangerous drug (methamphetamine).
6  (Doc. #11, Exh. M, ¶4.) Petitioner failed to appear at a status conference, waived his
7  appearance at two trial management conferences, did not appear at a pre-trial conference, and
8  failed to appear at trial. (Doc. #11, Exh. M, ¶5.)

9  Petitioner was ultimately convicted on all charges and the trial court issued a bench
10 warrant for Petitioner. (Doc. #11, Exh. M, ¶6.) After Petitioner was arrested, the trial court
11 conducted a hearing on Petitioner's prior felony convictions and found that Petitioner had
12 at least two historical prior felony convictions under Arizona's repetitive-offender statute.
13 (Doc. #11, Exh. F at 23-51.) Thereafter, the court sentenced Petitioner to three, concurrent,
14 presumptive 10-year terms of imprisonment. (Doc. #11, Exh. F at 23-51.)

15 Petitioner's appointed appellate counsel filed a brief in accordance with Anders v.
16 California, 386 U.S. 738 (1967). (Doc. #11, Exh. I.) Petitioner also filed a supplemental *pro*
17 *se* brief raising three issues: (1) his absence from trial was not voluntary; (2) his attorney was
18 ineffective; and (3) his prior convictions were too old to be used to enhance his sentence
19 under Arizona's repetitive-offender statute. (Doc. #11, Exh. L.) On May 6, 2008, the
20 Arizona Court of Appeals affirmed Petitioner's convictions and sentences. (Doc. #11, Exh.
21 M.) The appellate court denied Petitioner's ineffective assistance of counsel claim because
22 under Arizona law such claims may only be presented in post-conviction relief proceedings.
23 (Doc. #11, Exh. M, ¶18.) The court rejected Petitioner's voluntary-absence claim and his
24 sentencing claim on the merits. (Doc. #11, Exh. M, ¶¶ 12-17; ¶¶ 19-22.) On June 30, 2008,
25 the Arizona Court of Appeals denied Petitioner's motion for reconsideration. (Doc. #11,
26 Exhs. N, Q.) Petitioner did not file a petition for review in the Arizona Supreme Court.
27 (Doc. #3.)

28

1  On August 15, 2008, Petitioner filed the instant habeas petition raising two grounds
2 for relief. (Doc. #1.) In Ground One, Petitioner's claims that pursuant to A.R.S. § 13-604
3 his constitutional rights were violated when the trial court improperly used prior convictions
4 to enhance his sentence. (Doc. #1 at 6.) In Ground Two, Petitioner asserts that he was not
5 present for all of his trial, in violation of the Sixth and Fourteenth Amendments. (Doc. #1
6 at 7.)

**DISCUSSION**

With respect to Ground One, Respondents contend that although Petitioner asserts that his rights to "due process" and "equal protection" were violated, Ground One solely raises a state-law issue, which is not cognizable in a federal habeas proceeding. (Doc. #11 at 3-4.) As to Ground Two, Respondents argue that Petitioner's claim fails on the merits. (Doc. #11 at 5-12.)

**A.   Ground One**

In Ground One, Petitioner's claims that pursuant to A.R.S. § 13-604(W)(2)(b)-(c)[1] his constitutional rights were violated when the trial court improperly used prior convictions to enhance his sentence "because [the convictions] occurred beyond the time limitations period for using old prior convictions ... ." (Doc. #1 at 6.)

Despite Petitioner's reference to alleged constitutional violations, the Court's review of Petitioner's claim in Ground One reveals that Petitioner is only asserting a violation of

---

[1] A.R.S. § 13-604(W)(2)(b)-(c), now codified at § 13-105(22)(b)-(c), defines the term "historical prior felony conviction" as follows, in pertinent part:

"(b) [a]ny class 2 or 3 felony ... that was committed within the ten years immediately preceding the date of the present offense." Under this section, any time the defendant spent incarcerated "is excluded in calculating if the offense was committed within the preceding ten years."

"(c) [a]ny class 4, 5 or 6 felony ... that was committed within the five years immediately preceding the date of the present offense." Under this section, any time the defendant spent incarcerated "is excluded in calculating if the offense was committed within the preceding five years."

- 3 -

1 state-law. As such, Ground One fails to constitute a basis for federal habeas relief. The 2 Court can grant habeas relief "only on the ground that [a petitioner] is in custody in violation 3 of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[I]t is not 4 the province of a federal habeas court to reexamine state-court determinations on state-law 5 questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); see Lewis v. Jeffers, 497 U.S. 6 764, 780 (1990) ("[F]ederal habeas corpus relief does not lie for errors of state law."). This 7 includes a trial court's evidentiary rulings based upon state law matters unless admission of 8 the evidence was so prejudicial that it offends due process. See id.; Walters v. Maass, 45 9 F.3d 1355, 1357 (9th Cir. 1995); Jammal v. Van de Kamp, 926 F.2d 918, 919 (9th Cir. 1991). 10 Additionally, a petitioner cannot "transform a state-law issue into a federal one merely by 11 asserting a violation of due process." Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996), 12 cert. denied, 522 U.S. 881 (1997); see Engle v. Isaac, 456 U.S. 107, 119-21 (1982) ("While 13 they attempt to cast their first claim in constitutional terms, we believe that this claim does 14 no more than suggest that the instructions at respondents' trials may have violated state 15 law."). Accordingly, the Court will recommend that Petitioner's claim as asserted in Ground 16 One be denied.

17 **B.     Ground Two**

18 In Ground Two, Petitioner alleges that he was not present for all of his trial in 19 violation of the Sixth and Fourteenth Amendments. (Doc. #1 at 7.) Petitioner argues that 20 his absence at trial was not voluntary because he did not have notice of the date and location 21 of his trial. (Doc. #1 at 7.)

22 Pursuant to the AEDPA[2], a federal court "shall not" grant habeas relief with respect 23 to "any claim that was adjudicated on the merits in State court proceedings" unless the state 24 court decision was (1) contrary to, or an unreasonable application of, clearly established 25 federal law as determined by the United States Supreme Court; or (2) based on an 26 unreasonable determination of the facts in light of the evidence presented in the state court

---

[2] Antiterrorism and Effective Death Penalty Act of 1996.

- 4 -

proceeding. See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 412-13 (2000) (O'Connor, J., concurring and delivering the opinion of the Court as to the AEDPA standard of review). "When applying these standards, the federal court should review the 'last reasoned decision' by a state court ... ." Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004).

A state court's decision is "contrary to" clearly established precedent if (1) "the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or (2) "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [its] precedent." Taylor, 529 U.S. at 405-06. "A state court's decision can involve an 'unreasonable application' of Federal law if it either 1) correctly identifies the governing rule but then applies it to a new set of facts in a way that is objectively unreasonable, or 2) extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable." Hernandez v. Small, 282 F.3d 1132, 1142 (9th Cir. 2002).

Regarding the merits of Ground Two, one of the most basic rights guaranteed by the Confrontation Clause of the Sixth Amendment is the right of the accused to be present at every stage of his trial. See United States v. Gagnon, 470 U.S. 522, 526 (1985); Brewer v. Raines, 670 F.2d 117, 118-19 (9th Cir. 1982). It is clear, however, that such right can be waived. See Taylor v. United States, 414 U.S. 17, 20 (1973); see also Gagnon, 470 U.S. at 528-29 (right is waived when defendant fails to "assert his right" and does not appear for trial); Brewer, 670 F.2d at 119 (absence from trial may be deemed voluntary when defendant had notice of the trial date and was informed that the trial could proceed in his absence if he failed to appear).

Pursuant to Arizona Rule of Criminal Procedure 9.1, a court may infer that an absence is voluntary if the defendant had personal notice of (1) the time of the proceeding, (2) his right to be present at the proceeding, and (3) a warning that the proceeding would go forward in his absence should he fail to appear. See Ariz.R.Crim.P. 9.1; see also Brewer, 670 F.2d at 119-20 (holding that Rule 9.1 is constitutional).

1   Having reviewed the record, the Court concludes that the appellate court's 2 determination that the trial court did not abuse its discretion in finding that Petitioner was 3 voluntarily absent from his trial is supported by the record. Petitioner signed multiple release 4 orders informing him of his right to be present at all pre-trial and trial proceedings and was 5 informed that "the proceeding[s] may go forward in [his] absence." (Doc. #11, Exh. M, ¶13; 6 Exh. G, Items 8, 14, 29.) Further, after appearing late for an initial pre-trial conference on 7 February 3, 2006, Petitioner was warned that his trial could proceed in his absence if he 8 failed to appear and was reminded that he had to stay in touch with his attorney. (Doc. #11, 9 Exh. A at 1-8.) Petitioner was also present on September 11, 2006, when the court continued 10 his trial to September 19, 2006. (Doc. #11, Exh. M, ¶13; Exh. H, Item 47.)

11  Petitioner, however, failed to appear for trial on September 19, 2006, telling his 12 attorney that he had been in an auto accident and was in the hospital. (Doc. #11, Exh. C at 13 2-3.) Although counsel had requested that Petitioner fax him documentation from the 14 hospital, counsel did not receive any confirmation that Petitioner was in the hospital by the 15 time court began. (Doc. #11, Exh. C at 2-3.) Counsel stated, "We are ready to proceed to 16 trial, and [Petitioner] will be here as soon as he's available." (Doc. #11, Exh. C at 3.) The 17 prosecution requested that the trial proceed in Petitioner's absence because the case was more 18 than two years old and all of the State's witnesses were ready for trial. (Doc. #11, Exh. C 19 at 3.) The trial court stated, "I really don't have the ability to say that [Petitioner] is 20 involuntarily unavailable. It sounds as if he is voluntarily unavailable, until I know 21 otherwise." (Doc. #11, Exh. C at 4.)

22  Petitioner's counsel responded that he did not "have a problem with proceeding" to 23 trial, but requested that the court not issue a bench warrant until later in the day so he could 24 try to produce documentation from the hospital. (Doc. #11, Exh. C at 4.) The court 25 responded that it would issue the warrant, but that it would "entertain a motion to quash [the 26 warrant] if, in fact, it turns out that [Petitioner] is hospitalized." (Doc. #11, Exh. C at 4.) The 27 court added:

28

1  2  3  4
>The problem that I have is if he is actually hospitalized, it's not just a quashing of the bench warrant, he's not available for trial through no fault of his own. He has the right to be present if he wants to be present and that's a problem. So without knowing this, at this point, all I can do is act on the facts that I have in front of me. There is no support for his claim that he's in the hospital, so at this point I will affirm the trial. I will issue a bench warrant but all that could change.

5 6 7 (Doc. #11, Exh. C at 4-5.) The court then put Petitioner's case into "case transfer," giving Petitioner's counsel more time to provide the court with documentation supporting his effort to quash the warrant. (Doc. #11, Exh. C at 5.)

8 9 10 11 12 13 14 15 16 17 After a recess, defense counsel handed the court documents from the hospital, which showed that Petitioner had been discharged the previous day. (Doc. #11, Exh. C at 6; Exh. R [medical documents indicating that Petitioner had been discharged at 8:11 p.m. on September 18, 2006].) The court reviewed the documents and stated, "It looks like he had muscle and cervical strain and muscle pain. I'm going to affirm my prior orders regarding the bench warrant. He should be here this morning." (Doc. #11, Exh. C at 6.) The court then transferred the case to the transfer coordinator for reassignment of the trial and the case was then transferred to a different judge. (Doc. #11, Exh. M, ¶14; Exh. H, Item 50.) Due to scheduling difficulties, however, the trial was continued to September 26, 2006, and transferred to a third judge. (Doc. #11, Exh. M, ¶15; Exh. H, Item 51; Exh. D.)

18 19 20 On September 26, 2006, the first day of trial, the new judge assigned to Petitioner's case asked whether Petitioner had notice of the new trial date. (Doc. #11, Exh. D at 3.) Counsel responded:

21 22 23
>Your Honor, as to today's date, [Petitioner] was provided by telephone – I have the days [marked down]. I called him last week when this Court picked [up this case], which I believe was on Thursday. I called and left a message on his cell phone. I also called his mother.

24 25
>I did receive a phone call from [Petitioner] yesterday. He did not acknowledge the trial dates. I did speak to his mother also, and she did acknowledge the trial date. In fact, she complained that [the trial] was 40 miles from her house.

26 27
>I think [Petitioner] does have knowledge of this hearing. I've had contact with him since the 19th when the bench warrant was issued. However, he has not appeared.

28
>I think as for today, the Court can make a determination that he is voluntarily absent from the proceeding, and we can proceed in absentia.

- 7 -

1 (Doc. #11, Exh. D at 3-4.) The trial court continued the discussion stating:

> Now, back to the voluntariness issue and whether or not [Petitioner] had notice of the proceedings today. It appears to me that the inquiry under Rule 9.1 is whether he was provided notice. It seems to me that he was aware that a trial date had been previously set. I'm going to presume that he would also have knowledge that if the trial date doesn't go [forward] in [a particular] division [of the court], it can be heard by another judge.
>
> I also would find, [counsel], based upon your personal conversation with him to give him the actual location of where his trial would take place, and the date and time, that he received adequate notice.

(Doc. #11, Exh. D at 5.)

When the court asked for the prosecutor's position on the issue, she indicated that the State was ready to proceed, and noted that Petitioner was notified at a trial management conference that "the trial could go forward [in] his absence." (Doc. #11, Exh. D at 6.) The court then concluded that Petitioner's absence was voluntary finding:

> Pursuant to Rule 9.1, then, I do find that the defendant's absence is voluntary, that he did receive notice of the date and time and, also, peculiar to us here in Maricopa County, the location of his trial, as well.
>
> I will grant the request to proceed with a trial in absentia.

(Doc. #11, Exh. D at 6; Exh. H, Item 58 [minute entry concerning trial court's voluntariness finding].)

The record is clear and demonstrates that the Arizona Court of Appeals' finding that Petitioner was voluntarily absent from his trial was not contrary to, or an unreasonable application of, clearly established Supreme Court precedent. See 28 U.S.C. § 2254(d)(1). Nor was the Arizona Court of Appeals' ruling "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding[s]." 28 U.S.C. § 2254(d)(2). The Court will, therefore, recommend that Petitioner's claim that he was not present for all of his trial in violation of the Sixth and Fourteenth Amendments as asserted in Ground Two be denied.

\\\
\\\
\\\

**CONCLUSION**

Having determined that Ground One fails to constitute a basis for federal habeas relief and that Ground Two fails on the merits, the Court will recommend that Petitioner's Petition for Writ of Habeas Corpus be denied and dismissed with prejudice.

**IT IS THEREFORE RECOMMENDED** that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. #1) be **DENIED** and **DISMISSED WITH PREJUDICE**;

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 6(a), 6(b) and 72. Thereafter, the parties have ten days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's recommendation. See Fed.R.Civ.P. 72.

DATED this 29th day of April, 2009.

*Michelle H. Burns*
Michelle H. Burns
United States Magistrate Judge